CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 21 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL D. DAROCHA, | ) |
| Plaintiff, | ) Civil Action No. 7:09CV00193 |
| v. | ) **MEMORANDUM OPINION** |
| DR. SILBER, et al., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

The plaintiff, Michael D. Darocha, proceeding pro se, filed this action on May 20, 2009, naming the following individuals as defendants: Dr. Silber, Dr. Neal J. Musselman, Jason Picard, Jon D. Perry, Katherine Van Patten, and Natalie Leonard. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1). After conducting an initial screening of this action, however, the court concludes that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

The plaintiff's complaint, in its entirety, states as follows: "I, Michael D. Darocha, am filing a civil lawsuit against the 6 defendants due to the following reason - misapplication and malpractice." The plaintiff seeks "$350,000.00 per person." The civil cover sheet completed by the plaintiff indicates that both he and the defendants are residents of Roanoke. Likewise, an attached "ledger sheet" lists a Roanoke address for each of the defendants.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-657 (4th Cir.

2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure also applies to a dismissal for failure to state a claim under § 1915(e)(2)(B). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Thus, in reviewing a complaint under this statute, the court must "accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id.

Additionally, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

## DISCUSSION

In this case, the plaintiff has failed to allege any facts in support of his claim of "malpractice and misapplication." Specifically, there are no facts regarding what actions or

2

omissions may have been taken by the defendants to support the plaintiff's claim. The plaintiff has simply provided the names of the defendants and a mere label for his cause of action, precisely the sort of bare description prohibited by Twombly, supra. As a result, the plaintiff has failed to state a claim upon which relief may be granted, and the complaint is subject to dismissal under § 1915(e)(2)(B).

The court also notes that the plaintiff has failed to specify the grounds upon which the court could exercise subject matter jurisdiction over this matter. He has failed to allege any violation of federal law which might support federal question jurisdiction under 28 U.S.C. § 1331, and the court is unable to make any inference as to a possible violation of federal law based upon the bare language of the complaint. In addition, it is clear from the plaintiff's submissions that he cannot invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, since the submissions indicate that both the plaintiff and the defendants are residents of Virginia. See 28 U.S.C. § 1332(a). As a result, the complaint is also subject to dismissal for lack of subject matter jurisdiction under Rule 12(h)(3).

## CONCLUSION

For the foregoing reasons, the court concludes that the instant action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. Such dismissal shall be without prejudice.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 21st day of May, 2009.

_____
United States District Judge

3